FW034433

IN THE STATE COURT OF THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

F. EVELYN LALLISS     4-20CV-391-Y     PLAINTIFF

V.     NO.

AMERICAN AIRLINES, INC.     DEFENDANT

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 27 2020
CLERK, U.S. DISTRICT COURT
By_____ Deputy

COMPLAINT
Jury Trial Requested

Plaintiff, F. Evelyn Lalliss, files this here Complaint against the Defendant, American Airlines, Inc., and in support thereof would show unto the Court the following:

PARTIES

1. Plaintiff, F. Evelyn Lalliss, is an adult resident citizen of Idaho, whose residence address is 7022 W. Rosewood Drive, Boise, Idaho 83709.

2. Defendant, American Airlines, Inc., is a corporation organized and existing under and by virtue of the laws of Texas and whose principal place of business is located at 4255 Amon Carter Blvd, Fort Worth, Texas. Defendant, American Airlines, Inc., operates flights throughout the United States, including regular flights into and out of Los Angeles, California; Boise, Idaho; Nashville, Tennessee; and Fort Worth, Texas. Defendant, American Airlines, Inc., may be served with process of this Court by serving its registered agent, CT Corporation System, who may be served at 350 North St. Paul Street, Dallas, Texas 75201.

COUNT I

3. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

4. On or about June 19, 2018, American Airlines, Inc., (hereinafter referred to as "American Airlines") was engaged in commercial air transportation; and engaged in the business

of transporting passengers for a fare. In connection with their business of transporting passengers for hire, American Airlines owned, operated, piloted, maintained, and equipped a certain American Airlines aircraft and provided a captain, a co-pilot, and flight attendants to crew the flight in question, which was operated as American Airlines Flight 1290 from Los Angeles, California, to Nashville, Tennessee.

5. Plaintiff, F. Evelyn Lalliss, purchased her American Airlines ticket from her home in Boise, Idaho. The Plaintiff entered into a contract with American Airlines after American Airlines represented, advertised, and warranted that it offered flights that were safe, not unreasonably dangerous, and in accordance with Federal Aviation Administration regulations. American Airlines contracted and agreed to perform its contract for safe airline operations in a workmanlike manner and contracted and agreed to keep its passengers safe from harm, including harm caused by other passengers. American Airlines breached its contract to deliver Plaintiff, an elderly and vulnerable adult, safely and without injury to Nashville, Tennessee. American Airlines further breached its contract with the Plaintiff by failing to perform the contract, with the Plaintiff, in a workmanlike manner, by among other things, serving alcohol to an inebriated passenger, and by failing to protect its passengers.

6. On June 19, 2018, Plaintiff boarded American Airlines Flight 1290 in Los Angeles, California, which was bound for Nashville, Tennessee. As a fare paying passenger, American Airlines owed her the highest degree of care.

7. On or about June 19, 2018, the crew, the captain, co-pilot, and flight attendants of American Airlines Flight 1290 were in the course and scope of their employment with American Airlines and American Airlines was responsible for the protection of its passengers, for the incident in question, for serving alcohol to an intoxicated passenger, and for the safety of its

passengers aboard Flight 1290. American Airlines is responsible for all of the acts and omissions of the captain, co-pilot, crew members, and flight attendants, who were involved with or responsible for the negligent operation of the flight, including but not limited to, the unlawful attacks by one passenger on another and unlawfully serving alcohol to an intoxicated passenger, pursuant to the laws of employer/employee, master/servant, and *respondeat superior*.

8. At all relevant times, American Airlines was a commercial air service owing its passengers, including Plaintiff, the highest degree of care in protecting the fare paying passengers on the aircraft in question. American Airlines, (through its flight attendants, agents, employees, servants, and representatives), were negligent in the operation of the flight, in serving an intoxicated passenger alcoholic beverages, and failing to protect a passenger, who was assaulted by a fellow passenger on American Airlines Flight 1290 on June 19, 2018.

9. On June 19, 2018, the American Airlines flight flew from Los Angeles, California, to Nashville, Tennessee, and before and during the flight, the flight attendants unlawfully allowed one or more of the first-class passengers to bring alcoholic beverages back to the passenger sitting in the window seat next to Plaintiff. Plaintiff was an elderly lady, who was diabetic and had other significant medical problems. Plaintiff was lawfully sitting in the middle seat next to the man, who identified himself as an Irish boxer, who wore heavy, bulky boots. The Irish boxer (to whom the American Airlines flight attendants continued to serve alcoholic beverages) became irritated, restless, and continually stomped on Plaintiff's foot, causing severe injuries to her foot and causing her foot to swell, which subsequently required significant medical treatment.

10. American Airlines and its flight attendants violated Federal Aviation Administration regulations prohibiting the service of alcohol to an intoxicated person pursuant to F.A.R. 135.121 and therefore are negligently per se.

11. On the occasion in question the captain, the co-pilot, the crew, and the flight attendants carelessly, negligently, and recklessly served an unruly, inebriated passenger, who became irritated, restless, and caused injuries to the Plaintiff.

12. Plaintiff, after the aircraft landed, was treated at the emergency room in Summit, Tennessee. Plaintiff was released, and the emergency room physician instructed her to follow-up with her primary care physician in Boise, Idaho. Plaintiff returned to Boise, Idaho, and went directly to St. Alphonsus Medical Center in Boise, Idaho for emergency care. Plaintiff was hospitalized for several days in order to treat her medical condition. Plaintiff was subsequently referred to a wound care clinic.

13. The Plaintiff, F. Evelyn Lalliss, sustained substantial injuries and damages as a result of the negligence of American Airlines, and as a result thereof, the Plaintiff is entitled to her actual damages including expenses incurred during this litigation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, American Airlines, for her actual damages including expenses incurred during this litigation; punitive damages in a sum sufficient to deter the Defendant, American Airlines, from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

## COUNT II

14. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs, of all counts of the Complaint, the same as though specifically set out herein again.

15. On June 19, 2018, American Airlines was in the business of owning and operating aircraft; flying those aircraft for purposes of transporting fare paying passengers from Los Angeles, California to Nashville, Tennessee; and caring for passengers onboard its flights from Los Angeles, California, to Nashville, Tennessee. On the occasion in question, American Airlines Flight 1290 was not reasonably safe for its intended purposes and uses and was unreasonably dangerous. Further, American Airlines was unsafe without warning to the users and consumers onboard the aircraft on that date, including the Plaintiff.

16. American Airlines expressly and impliedly warranted to potential American Airlines passengers that its flights to and from Nashville, Tennessee, would be for the purposes and uses for which they were intended. American Airlines breached the express and implied warranties, and as a result thereof, the Plaintiff suffered damages including expenses incurred during this litigation.

17. Defendant, American Airlines is and was strictly liable in tort to the Plaintiff for her actual damages including expenses incurred during this litigation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, American Airlines, for her actual damages including expenses incurred during this litigation; punitive damages in a sum sufficient to deter the Defendant, American Airlines, from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

## COUNT III

18. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

19. American Airlines contracted with the Plaintiff to provide her with safe, uneventful travel from Los Angeles, California, to Nashville, Tennessee, and to return her safely to the Boise, Idaho airport. On the occasion in question, American Airlines breached its contract and/or agreement with the Plaintiff, and American Airlines performed its duties in an unworkmanlike and unsafe manner.

20. Plaintiff performed all the terms of the contract to be performed by her.

21. As a direct and proximate result of the breach of contract by American Airlines, Plaintiff incurred actual damages including expenses incurred during this litigation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, American Airlines, for her actual damages including expenses incurred during this litigation; punitive damages in a sum sufficient to deter the Defendant, American Airlines, from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

## AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, American Airlines, for her actual damages including expenses incurred during this litigation; punitive damages in a sum sufficient to deter the Defendant, American Airlines, from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

Respectfully submitted, this the 20th day of April, 2020.

_____
Pro Se Plaintiff, F. Evelyn Lalliss

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
F. Evelyn Lalliss

**DEFENDANTS**
American Airlines, Inc.

**(b)** County of Residence of First Listed Plaintiff: Ada County, Idaho
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Tarranty County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☒ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
F.A.R. 135.121

Brief description of cause:
Plaintiff was injured on Defendant's airplane by an over intoxicated passenger

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 04/20/2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | | |
|---|---|---|
| F. Evelyn Lalliss | ) | |
| *Plaintiff* | ) ) ) | **4-20CV-391-Y** |
| v. | ) | Civil Action No. |
| American Airlines, Inc. | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   American Airlines, Inc.
CT Corporation System
350 North St. Paul Street
Dallas, Texas  7521

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   F. Evelyn Lalliss
7022 W. Rosewood Drive
Boise, Idaho  83709

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                   _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Evelyn LaHss
1063 W Reserved
[illegible], ID 83709

7016 0750 0000 4182 1615

Hon. Karen Mitchell, Clerk of Court
Fort Worth - Division 4
501 West 10th Street, Room 310
Fort Worth, Texas 76102

$3.90
US POSTAGE
FIRST-CLASS
071V01330131
83709
00209574?